# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| VIEKA LASHAWN MYRICK, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:18-CV-79-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is Defendant's motion to dismiss (ECF No. 11) Plaintiff's complaint. Defendant argues that Plaintiff's complaint is untimely because "Plaintiff did not file for judicial review within 60 days as required . . . and . . . has not demonstrated that extraordinary circumstances exist to justify extending the 60-day period." Mot. to Dismiss 7, ECF No. 7. Because the Court agrees with Defendant, Petitioner's complaint is hereby dismissed.

A claimant seeking judicial review of a final decision of the Commissioner of Social Security regarding the decision to grant or deny benefits must commence a civil action in the district court "within sixty days after mailing to him of notice of such decision[.]" 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) ("Any civil action [appealing the final decision of the Commissioner] must be instituted within 60 days after the Appeals Council's notice of denial of request for review[.]"). The date of receipt of an Appeals Council decision is presumed to be five days after the date of the notice. *See* 20 C.F.R. §

416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 20 C.F.R. § 422.210(c) ("For purposes of this section, the date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). Thus, a claimant seeking to appeal the final decision of the Commissioner is given sixty-five days to file suit from the date of the Appeals Council notice denying that claimant's request for review.

This limitations period is explicitly explained in the Notice of Appeals Council Action. Compl. Attach. 1 at 3, ECF No. 1-1. The Notice states:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.

*Id.* If a claimant fails to file within the sixty-five day limitations period, a court cannot review the Commissioner's decision. *See, e.g., Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 583 (11th Cir. 2012) ("A claimant seeking judicial review of the Commissioner's final decision must file a civil suit within 60 days after receiving notice of the Commissioner's decision.").

Here, the Appeals Council Notice was sent to Plaintiff on April 19, 2018. Prelle Decl. ¶ (3)(b), ECF No. 11-1. Plaintiff thus had until Monday, June 25, 2018, to file this civil action. Plaintiff filed this action on Tuesday, June 26, 2018, one day too late to confer

jurisdiction on the Court.  *See* Compl. 5, ECF No. 1.  Furthermore, Plaintiff has not shown that the limitations period should be tolled, nor is there any evidence in the record that Plaintiff requested an extension of time to file.  Plaintiff has only stated that she did not "intentionally nor knowingly disregard" the deadline and believed she had "met the deadline for filing [her] request for [j]udicial [r]eview."  Pl.'s Resp. to Mot. to Dismiss 1, ECF No. 13.  Because Plaintiff's complaint was untimely filed, this Court cannot review the Commissioner's final decision and Defendant's motion to dismiss is granted.

SO ORDERED, this 2nd day of January, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE